LYDIA MERCADO SEDA, demandante y recurrente, *v.* JOSÉ MI-GUEL RIVERA VERA, demandado y recurrido.

*Número:* R-65-212        *Resuelto:* 5 de septiembre de 1967

*Francisco O. Galiano,* abogado de la recurrente.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Se queja la demandante recurrente del error cometido por la ilustrada Sala sentenciadora al declarar sin lugar una demanda de filiación "por no existir prueba robusta y convincente y evidencia preponderante lo cual no es necesaria para establecer la filiación". Al formular sus conclusiones de derecho, la ilustrada Sala sentenciadora se expresó en los siguientes términos, 2–3: "La madre declaró que al

nacer la niña el demandado fue atento con ella y con la niña pero esta circunstancia no significa un reconocimiento ni es base para justificar una sentencia favorable a la niña. El Tribunal tiene presente que el demandado estaba en Nueva York para esa época (junio de 1964) y fue denunciado y había sido absuelto del abandono de menores ya para el mes de octubre. Se ignoran las causas de la absolución. La acción de filiación, no obstante, debe apoyarse en sus propios méritos. Las partes deben ser diligentes en las defensas de sus derechos. ¿Por qué Lydia Mercado Seda no trajo o trató de traer al empleado del Registro Demográfico ante quien compareció el demandado con el propósito de reconocer a la demandante como su hija? El Tribunal hubiera puesto a la disposición de la demandante todos los medios necesarios para forzar la comparecencia de dicho empleado. El testimonio de este empleado pudo ser decisivo en esta controversia. Aunque no se alegara y/o se probara la existencia de un estado de concubinato o la posición continua por parte de la demandante del estado de hija natural del demandado ni actos específicos de reconocimiento de la menor por su alegado padre (Artículo 125, Código Civil (1930); sección 504, Título 31, L.P.R.A.) el Tribunal podría declarar con lugar la demanda 'bajo la doctrina de prueba robusta y convincente' o de la 'preponderancia de la evidencia' pero en este caso no existe ni lo uno ni lo otro. El sólo testimonio de la madre por las razones ya expresadas en la Conclusión de Derecho # 2, no constituye la prueba robusta y convincente que contempla la jurisprudencia. No puede existir preponderancia de evidencia en un caso en que el testimonio de la demandante fue refutado totalmente por el demandado y existen situaciones inexplicables para el Tribunal en la conducta de la demandante. Ella tenía el 'onus probandi' en su caso y no hay ninguna presunción aplicable en su beneficio."

El día 25 de octubre de 1965 y por el mismo abogado de la Sociedad para Asistencia Legal, encargada de la litigación de pobres, que había representado a la demandante recurrente en la Sala sentenciadora, se solicitó ante este Tribunal la revisión de la sentencia denegando la filiación de la menor indigente. El mismo día 25 de octubre de 1965, el Secretario de este Tribunal solicitó del abogado de la demandante recurrente el envío del original y nueve copias carbón a doble espacio de la demanda, la contestación y las conclusiones del juez y la sentencia; ocho copias adicionales de la petición de revisión y el alegato breve en apoyo del recurso. En la misma fecha nuestro Secretario se comunicó con el secretario de la Sala sentenciadora de Mayagüez enviándole copia del recurso de revisión y advirtiéndole de no enviar los autos originales de este caso hasta ulterior orden de este Tribunal.

El día 10 de noviembre de 1965, el abogado de la demandante recurrente Lic. Francisco A. Galiano, le informó a la Sala sentenciadora de Mayagüez, que, a pesar de no estar trabajando a esa fecha para la Sociedad a cargo de la litigación de pobres, deseaba continuar en la revisión del caso, como abogado de oficio sin remuneración, hasta que el caso terminara, actitud encomiable que nos place destacar como la más correcta y altruista cuando de una litigación de pobres se trata y que para perfeccionar su solicitud de revisión se hacía necesaria la transcripción de la evidencia ofrecida en el caso; el 12 de noviembre de 1965, el abogado de la demandante recurrente le informó a este Tribunal haber cesado en sus servicios a la Oficina de Asistencia Legal de Mayagüez el día 31 de octubre de 1965 pero su deseo de continuar con este caso durante su revisión y solicitando permiso para actuar como abogado de oficio y la concesión de una prórroga de treinta días, a partir del 31 de octubre de 1965, para someter los documentos restantes y el alegato sosteniendo su solicitud de revisión. La Sala sentenciadora nada proveyó en

cuanto a la moción de 10 de noviembre de 1965 solicitando la transcripción de evidencia; este Tribunal aceptó por resolución del 29 de noviembre de 1965, la sustitución en la capacidad representativa del abogado de la demandante recurrente y concedió una prórroga de treinta días "para radicar su alegato y completar el expediente de revisión con los documentos que fueren necesarios para la mejor resolución del recurso", entiéndase la transcripción de la evidencia y documentos en forma original.

El día 30 de noviembre de 1965, el abogado de oficio de la demandante recurrente recurrió por segunda vez ante la Sala de Mayagüez, informándole haberse enviado los documentos de la revisión a este Tribunal menos el alegato breve en apoyo del recurso solicitado y haber solicitado de este Tribunal treinta días a partir de la transcripción de la prueba para someter el alegato breve, toda vez que sin la transcripción de la prueba no le era posible radicar su alegato breve, solicitando de la Sala sentenciadora ordenara la transcripción de toda la prueba libre de derecho, según generalmente se hace en la litigación de pobre. A esta segunda solicitud, el día 3 de diciembre de 1965, la Sala sentenciadora proveyó en los siguientes términos: "Esperar providencia del Tribunal Supremo sobre solicitud formulada por el Lic. Galiano y entonces se proveerá sobre esta moción."

El día 7 de febrero de 1966, después de dar cuenta de todo lo actuado hasta el 30 de noviembre de 1965, en la Sala sentenciadora de Mayagüez, el abogado de la demandante recurrente solicitó de este Tribunal treinta días "a partir de la terminación de la transcripción de la evidencia para que así el Honorable Tribunal Superior, Sala de Mayagüez, ordene entonces la transcripción del récord en 'forma pauperis' y para que el abogado suscribiente pueda señalar los errores, argumentarlos y perfeccionar el alegato". El día 11 de marzo de 1966, este Tribunal le ordenó al recurrente justificar la necesidad de dicha transcripción y señalar las

partes de la prueba que justifique su señalamiento de errores. La respuesta de la demandante recurrente fue la radicación el 15 de abril de 1966 de su alegato breve para sostener su recurso de revisión.

Después de radicado dicho alegato, y sin haberse radicado aún la transcripción de la prueba, según lo interesaba la demandante recurrente, el 2 de junio de 1966 decidió este Tribunal, con vistas a las conclusiones de hecho y de derecho del juez, del señalamiento de errores del alegato revisar la sentencia. No habiendo radicado la transcripción de la prueba hasta esa fecha, el día 18 de agosto de 1966, le concedimos a la parte recurrente un término de diez días, a partir de la fecha en que se le notificare la resolución, para mostrar causas por las cuales no debía desestimarse el recurso por abandono. El día 23 de agosto de 1966, compareció la demandante recurrente a someter el caso, alegando además: que con fecha del 11 de abril de 1966 se envió a este Tribunal un alegato señalando y discutiendo los errores y "que además con el antes dicho alegato sometido justificamos a ese Honorable Tribunal la necesidad de la transcripción de récord del caso como se había solicitado previamente" en mérito de lo cual "solicitamos de este Tribunal que visto y estudiado el alegato ya sometido se revoque la sentencia dictada por el Tribunal Superior, Sala de Mayagüez y se dicte una nueva sentencia declarando con lugar la demanda incoada por Lydia Mercado Seda contra José Manuel Rivera Vera". Todas estas diligencias tanto las hechas por este Tribunal, como las que hizo la demandante recurrente le fueron notificadas al demandado recurrido sin oposición ni argumento en contra alguno. Por eso el día 29 de agosto de 1966, este Tribunal dio el caso como sometido por el alegato breve presentado por la demandante recurrente para sostener la expedición del auto.

En la relación del caso que se hace en el alegato de la demandante recurrente, se dan como probados los siguientes

hechos: "La demandante presentó en evidencia el certificado de nacimiento de la menor demandante. Lydia Mercado Seda y el demandado José Miguel Rivera Vera se conocieron en una fotografía propiedad de éste que radicaba en la Calle San Vicente de Mayagüez, Puerto Rico. El demandado operaba su fotografía y así sufragaba sus estudios en el Colegio de Agricultura y Artes Mecánicas de Mayagüez. Las cámaras de la fotografía estaban en la parte delantera del local y en la parte trasera el demandado tenía una habitación con una cama . . . donde residía sólo. Ambos eran solteros. La demandante describió con lujo de detalles la habitación del demandado; declaró que éste tenía una cama [de] . . . abrir y cerrar, tenía un baño con inodoro y lavamanos. En esa habitación el demandado tenía todas sus pertenencias personales y libros de estudios. Lydia frecuentaba este lugar donde sostenía las relaciones sexuales con el demandado. Estas relaciones se prolongaban por varios meses y que comprendieron desde julio hasta octubre de 1963. Lydia quedó encinta del demandado y dio a luz a la niña Blanca Rosa Mercado, la demandante, el 10 de junio de 1964 en el Hospital Municipal de Mayagüez. La parte demandada trajo a colación el hecho de que el demandado fue denunciado por abandono de menores y había sido absuelto. Este punto fue objetado por la parte demandante y no se le sostuvo. La demandante declaró que el demandado le había dicho que iba a reconocer la hija, pero nunca lo hizo. El demandado negó todos y cada uno de los hechos, pero admitió que conoció la demandante en sus relaciones comerciales en la fotografía."

Veamos, ahora, el análisis que de la misma prueba, presentan las conclusiones de hechos de la ilustrada Sala sentenciadora: "Lydia Mercado Seda dio a luz una niña, la demandante Blanca Rosa Mercado, el día 10 de junio de 1964 en el Hospital Municipal de Mayagüez. A la fecha de la concepción de la niña era una mujer soltera. Sin embargo

tenía otra hija de cinco años de edad para esa fecha, nombrada Vivían María Cruz Mercado, procreada con otro hombre fuera de matrimonio. Para la fecha del embarazo de Lydia Mercado Seda, el demandado José Miguel Rivera Vera era estudiante y se sostenía con el ingreso que le producía un negocio de fotografía. La operaba en una caseta bajo el nombre de Fotografía San Vicente. La fotografía ocupaba la parte delantera de la caseta y él vivía en la parte posterior. Para la fecha del nacimiento de la demandante (10 de junio de 1964) el demandado se encontraba en los Estados Unidos. El demandado nunca contribuyó para la alimentación de la niña. Fue denunciado por abandono de menores ante el Tribunal de Distrito. El juicio se vio en octubre de 1964, cuando la menor tenía tres meses de edad. Salió absuelto. No hay prueba de que durante el embarazo y a la fecha del nacimiento de la niña Lydia Mercado Seda y José Miguel Rivera Vera vivieran en concubinato o fueran conocidos viviendo en concubinato. Este hecho no excluye la posibilidad de que el demandado sea el padre de la menor porque aquél pudo cohabitar con la madre de la demandante sin vivir juntos, bajo el mismo techo y en estado de concubinato. Tampoco hubo prueba de acto alguno de reconocimiento de la niña por parte del demandado o de su familia. Tampoco la hubo de que el demandado contribuyera al sostenimiento de la niña. Por el contrario la prueba ofrecida revela que el demandado nunca contribuyó y que fue absuelto cuando la madre de la menor le denunció por abandono de menores pocas semanas después de nacida la niña. El hecho de la denuncia y de la absolución en forma alguna ha influido sobre la mente de este juzgador. La prueba es totalmente contradictoria. La demandante declaró que al nacer la niña el demandado fue atento con ella y que trato de inscribirla habiendo ido personalmente a la Oficina del Registro Demográfico aquí en Mayagüez con tal propósito pero no logró inscribirla porque había pasado el término para hacerlo. Sin

embargo el demandado declaró que a la fecha del naci-
miento de la niña él estaba en Nueva York y negó haber
tratado de inscribirle como su hija. La demandante no trató
de rebatir el hecho de que el demandado estaba en Nueva
York al nacer la niña ni conociendo la importancia de ese
hecho, que podía probar por sí solo la intención del deman-
dado, no trajo al Tribunal a declarar al empleado del Regis-
tro Demográfico que se negó a inscribir la niña por la razón
de haber transcurrido el término para hacerlo. Tampoco
se mencionó el nombre de dicho empleado ni se trató de
identificar para que el Tribunal pudiera haberlo citado.".

Puede parecer extraña, lo suficiente para desestimar esta
apelación, la ausencia de una transcripción de evidencia. Sin
embargo, debe recordarse que el 11 de marzo de 1966 orde-
namos a la demandante recurrente justificar "la necesidad
de dicha transcripción y señale las partes de la prueba que
justifiquen sus apuntamientos." El día 15 de abril radicó
la demandante recurrente un alegato que empieza así: "Com-
parece la demandante recurrente en este caso y antes ese
Honorable Tribunal respetuosamente expone los siguientes
fundamentos en apoyo del recurso de revisión solicitado y
*con este alegato justifica la recurrente la necesidad de la
transcripción de la evidencia.*" Debe recordarse, asimismo,
que en febrero 11 de 1966, a ser efectiva 60 días después
del 31 de mayo de 1966, se había enmendado por este Tri-
bunal la Regla 53.4-2 de Procedimiento Civil, referente a
la evidencia que podrá someterse con la solicitud o la oposi-
ción, que dispone: "El Tribunal Supremo podrá discrecional-
mente y previa la comprobación de la necesidad de ello, per-
mitir que el recurrente en la solicitud de revisión o de cer-
tificación o la parte contraria al contestar la misma, someta,
dentro del término que al efecto se le conceda si no la hubiera
acompañado a su solicitud o al escrito de oposición, una
transcripción total o parcial de la evidencia oral o de la
exposición convenida de la prueba o de la relación del caso,

y la prueba documental, o copia de ésta, que hubiere estado ante la consideración del Tribunal." Debe recordarse además, que ya el 3 de diciembre de 1965, la Sala sentenciadora de Mayagüez se había negado a autorizar la transcripción total de la evidencia hasta tanto no hubiera "providencia del Tribunal Supremo sobre solicitud formulada por el Lic. Galiano" en fecha 24 de noviembre de 1965. Por último, es indudable que la Sala de este Tribunal que finalmente expidió el recurso lo hizo, sin haberse acompañado a la solicitud la transcripción de la prueba, sin duda, impresionada por la nueva exigencia en cuanto a la prueba necesaria que contenía el análisis de los hechos de la ilustrada Sala sentenciadora y sin resolver sobre su anterior requerimiento de la parte de la prueba que necesitaría para resolver en su fondo la cuestión litigiosa.

█ Todo esto puede crear una injusticia que debe ser remediada, sobre todo cuando se trata de una litigación de pobres que necesita del ejercicio de un grado de autoridad distinto de todos los jueces que intervienen en el proceso de revisión para lograr que se cumplan los fines de la justicia y además por tratarse del caso de un menor, hasta cierto extremo, bajo nuestra tutela por estar encomendada a los jueces de Puerto Rico la patria potestad eminente sobre los menores necesitados de justicia. Entendemos que la mejor solución de este asunto, es requerir directamente nosotros de la Sala sentenciadora de Mayagüez, fuera de turno y libre de derechos, la transcripción de la totalidad de la evidencia y de los documentos presentados en el caso y su envío inmediato a este Tribunal para pasar sobre los méritos de la cuestión en su fondo.

*Por las razones expuestas se deja el caso pendiente de resolución hasta que se completen los documentos necesarios a la revisión.*